JUN 2 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

2:05-cv-01418-ECR-LRL

**ORDER**

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, by Percy Lavae Bacon, a Nevada prisoner.

    Respondents filed a motion to dismiss petitioner's original petition (docket #17) contending the petition was filed before petition was subject to a judgment of conviction and that the claims he raises are premature and not subject to attack through this federal habeas action.

    Even before the motion to dismiss was filed, Bacon filed a number of pre-emptive briefs including a motion to stay sentencing (docket #3), a Pre-reply to Respondents Opposition to the Petition (docket #7), an Opposition to Reply to Petition (docket #9), a document entitled "Question of Law" (docket #10), a Motion to Waive Petitioner's Court Ordered 30 day Period in Order to Respond to the Respondence [sic] Opposition to the Petitioner's Petition and File Said Respond Forthwith" (docket #12), a Supplement to Opposition to Petition (docket #13), and a Motion to Include Final Argument" (docket #15). Following appearance by respondents and their motion to dismiss, Bacon filed another Supplement to his Opposition (docket #18).

The matter being fully briefed, the court shall grant the motion to dismiss.

Discussion

Section 2254 of Chapter 28 of the United States Code allows a person who is subject to a judgment of a state court to bring a petition for writ of habeas corpus to this court. Bacon's petition was received on November 29, 2005. He was not subject to a judgment of conviction until January 19, 2006. *See* Motion to Dismiss, Exhibit A. His petition falls outside the jurisdiction of the court provided in section 2254. *Drury v. Cox,* 457 F.2d 764, 765 (9th Cir. 1972).

Bacon has attacked his conviction through direct appeal. Motion to Dismiss, Exhibit B. Bacon must await the conclusion of his direct appeal and/or state post-conviction proceedings before appearing in this court. *Id.*

Second, the issues raised in the petition address the proceedings of the grand jury which entered the indictment against petitioner. *See* Petition (docket #1). Claims attacking the proceedings of the grand jury or the existence of probable cause are nullified if a defendant is later found guilty of the indicted offenses beyond a reasonable doubt. *See U.S. v. Mechanik,* 475 U.S. 66, 70, 72 (1986).

Nothing presented in petitioner's various briefs convinces the court otherwise. This petition shall be dismissed.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket #17) is **GRANTED.** The Petition is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's various motions (docket #3, #12, and #15) are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 22 day of June, 2006.

Edward C. Reed,
UNITED STATES DISTRICT JUDGE

2